# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JANICE TISDALE**                                                             **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:12-CV-166-KS-MTP**

**VFG, LLC, et al.**                                                          **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** the Motion to Dismiss [29] for lack of personal jurisdiction filed by Defendants Annuity Pros, Inc., Warren Thompson, and Chad Hill.

## I. BACKGROUND

Plaintiff submitted an online inquiry to a website operated by Defendant Annuity Pros, Inc. Soon after her inquiry, Defendant Warren Thompson called her at her home in Jones County, Mississippi. He represented that he was an annuity broker, and he attempted to sell her an investment product. Plaintiff declined his offer, but Thompson continued to call her every few months to solicit her business.

After Plaintiff's husband died, Thompson contacted her again to sell her an assignment of income from the pension of a military retiree. Defendant VFG, LLC distributes and brokers the sale of such investment products. It obtains referrals for its services through marketing agents, such as Defendant Chad Hill. VFG entered into an Executive Marketing Agreement with Hill which required him to promote and market VFG's services to possible investors. Hill worked with other investment

advisors, such as Thompson and Annuity Pros. Thompson referred Plaintiff to Hill, and Hill referred Plaintiff to VFG. VFG and Plaintiff executed a Master Assignment and Assumption Agreement, under which VFG agreed to locate and obtain a contract with a military retiree willing to sell a portion of the cash flow from his or her annuity payments to Plaintiff.

VFG located such a military retiree – Defendant Gerald K. Chester. Plaintiff and Chester entered into a Contract for the Sale of Cash Flow, under which Chester agreed to assign Plaintiff a portion of his annuity payments – 120 monthly payments of $1,448.23 beginning May 15, 2011, and ending April 15, 2021. The cash flow was to be serviced by Defendant First Reliant Group, LLC, pursuant to an escrow agreement between it and Chester. At the closing of the assignment contract, Tisdale paid VFG $120,829.29. VFG distributed the funds to Chester and the various parties who facilitated the transaction. VFG received a commission of $16,183.21, while Hill received $14,284.18. Plaintiff believes that Hill provided a commission to Thompson and Annuity Pros from his share of her purchase price.

Plaintiff claims that the payments from Chester's annuity have not been complete or timely. She clams that the Defendants failed to make certain disclosures concerning the investment, including the risk of default, the risk that Chester would redirect his retirement payments, the illegality of assigning military retirement pensions, and the risk that Chester's obligations to her could be discharged or reduced through bankruptcy. Plaintiff asserted the following claims as to all Defendants: conversion, conspiracy to commit conversion, fraudulent misrepresentation, negligent

misrepresentation, fraudulent concealment, breach of the covenant of good faith and fair dealing, breach of contract, negligence, and infliction of emotional distress. She demands that the Master Assignment and Assumption Agreement be rescinded, plus a variety of monetary damages.

Defendant First Reliant Group, LLC asserted a cross-claim against Annuity Pros, Chester, Hill, and Thompson for common law indemnification. Defendant VFG, LLC asserted a cross-claim against Annuity Pros, Chester, Hill, and Thompson for contractual and common law indemnification, plus a counterclaim against Plaintiff for breach of contract in bad faith.

Defendants Annuity Pros, Inc., Warren Thompson, and Chad Hill filed a Motion to Dismiss [29] for lack of personal jurisdiction, which was opposed by both Plaintiff and Defendant VFG.

## **II. DISCUSSION**

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The party invoking the Court's jurisdiction "bears the burden of establishing jurisdiction but is required only to present *prima facie* evidence." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). The Court must accept Plaintiff's undisputed allegations as true, and it must resolve all factual disputes in favor of jurisdiction. *Id.* at 219-20; *McFadin*, 587 F.3d at 758.

3

### A. *Mississippi's Long-Arm Statute*

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by an party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57. In the present case, jurisdiction over Hill, Thompson, and Annuity Pros is appropriate under the tort prong of the long-arm statute.

Under the tort prong of the long-arm statute, jurisdiction is proper "if any element of the tort (or any part of any element) takes place in Mississippi." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006); *see also Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997). Plaintiff advanced a claim of fraudulent misrepresentation against Hill, Thompson, and Annuity Pros. The elements of fraudulent misrepresentation are: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." *Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 762 (Miss. 2004). Plaintiff's reliance upon the Defendants' alleged misrepresentation – and subsequent transfer of funds – occurred in Mississippi. Therefore, jurisdiction is proper under the tort prong of the long-arm

4

statute.

## B. *Due Process*

Generally, the due process analysis involves two steps: "The plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *McFadin*, 587 F.3d at 759.

### 1. *Minimum Contacts*

The minimum contacts analysis varies, depending upon whether the plaintiff claims specific or general jurisdiction over the nonresident defendant. *Id.* Plaintiff claims only specific jurisdiction.

> Specific jurisdiction requires a plaintiff to show that: (1) there are sufficient (i.e., not random, fortuitous, or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts.

*Pervasive Software*, 688 F.3d at 221. The crux of the analysis "is whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759. "The foreseeable effects of a tort are to be addressed as part of the analysis of the defendant's relevant contacts with the forum." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir, 1999). But foreseeable injury, by itself, is not sufficient to confer specific jurisdiction. *Id.* The non-resident defendant must have directed his actions toward the forum state. *Id.* Therefore, a single act by a non-

5

resident defendant directed toward the forum state and giving rise to a cause of action can support a finding of minimum contacts. *Id.* at 211.

According to Plaintiff's affidavit, she made an online inquiry regarding annuities. Soon after, Defendant Thompson called her at her home in Mississippi, representing that he was an annuity broker employed by Defendant Annuity Pros and soliciting Plaintiff to purchase an investment product. Plaintiff declined his offer, but Thompson continued to call her at her home in Mississippi once every few months. He also e-mailed her on at least one occasion. Thompson eventually succeeded in his appeals, convincing Plaintiff to purchase the investment product which led to the present litigation.

These actions are sufficient to support a finding of minimum contacts. Thompson responded to a single online inquiry with months of telephone calls, purposefully directing his sales pitches toward Plaintiff, a potential customer in Mississippi. Plaintiff alleges that he made certain false representations during these communications, upon which she detrimentally relied. "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." *Id.* at 213; *see also Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001). Thompson purposefully availed himself "of the privilege of causing a consequence" in Mississippi, and that consequence – Plaintiff's reliance upon his misrepresentations – was foreseeable. *Wien Air*, 195 F.3d at 212-13. Therefore, he possesses sufficient contacts with Mississippi to confer specific jurisdiction in this case.

Plaintiff also alleged – and it is undisputed – that Thompson acted on behalf of

Annuity Pros. Therefore, his actions are sufficient to create minimum contacts between Annuity Pros and Mississippi. *McFadin*, 587 F.3d at 761 (the actions of an agent may establish a principal's minimum contacts with the forum state).

As for Hill, although both VFG and Plaintiff allege that he controlled and/or directed the actions of Thompson and Annuity Pros, Hill presented an affidavit in which he declared that he did not manage Annuity Pros and has no ownership interest in it. While this may be sufficient to prove – at this stage in the proceedings – that no *express* agency relationship existed between Hill and Thompson, it does not prove that no *de facto* agency relationship existed. Indeed, Plaintiff alleged that Hill paid a portion of his commission to Thompson and Annuity Pros, and Hill has not denied this allegation. In the Court's opinion, that fact is sufficient, at this stage of the case, to demonstrate a de facto agency relationship between Thompson and Hill. Accordingly, Thompson's actions are sufficient to create minimum contacts between Hill and Mississippi.

2. *Fairness*

Once the plaintiff makes a showing of minimum contacts, "the defendant can then defeat the exercise of specific jurisdiction by showing . . . that it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable." *Pervasive Software*, 688 F.3d at 221-22. To determine whether the exercise of jurisdiction is fair and reasonable, the Court considers the following factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of

7

the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *McFadin*, 587 F.3d at 760. "[I]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Id.* at 759.

Thompson is a resident of Gulf Breeze, Florida, and Annuity Pros is a Florida corporation, with its principal place of business in Gulf Breeze, Florida. They argue that the distance between Gulf Breeze and Hattiesburg would make litigation in this Court burdensome. However, Hattiesburg, Mississippi is only 170 miles, or a mere three-hour drive, from Gulf Breeze, Florida. Litigants frequently travel greater distances to appear before the Court, and it would not be an overly burdensome journey. This factor weighs in favor of jurisdiction.

Mississippi has an interest in this litigation, as it involves the alleged defrauding of a Mississippi citizen. *See Id.* at 763; *Walk Haydel 7 Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008); *Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 581 (S.D. Miss. 2012). Therefore, the second factor weighs in favor of jurisdiction.

The third factor also weighs in favor of jurisdiction. Plaintiff has an interest in "securing relief as quickly and efficiently for [herself] as possible." *McFadin*, 587 F.3d at 764.

The fourth factor does not weigh against jurisdiction. Beyond the principals and parties already noted in the pleadings, the parties have not provided a list of potential witnesses. At least a portion of the events giving rise to Plaintiff's claims occurred in

Mississippi. Annuity Pros and Thompson argue that their marketing contract with VFG contains a choice of law provision requiring the Court to apply Arkansas law in interpreting the contract. However, that provision would only apply to VFG's cross-claim for indemnification, and Mississippi law would apply to Plaintiff's claims. Annuity Pros further argues that the marketing contract contains a venue provision. Again, the marketing contract is only relevant to VFG's cross-claim for indemnification.

Finally, no party presented a coherent argument related to the fifth factor – the shared interests of the several states. The Court believes that factor is irrelevant to the present case. Accordingly, it is neutral.

For all of the reasons above, the Court finds that the exercise of jurisdiction over Defendants Warren Thompson and Annuity Pros, Inc. would be fair and reasonable.

### III. CONCLUSION

For the reasons stated above, the Court **denies** the Motion to Dismiss [29] for lack of personal jurisdiction filed by Defendants Annuity Pros, Inc., Warren Thompson, and Chad Hill.

SO ORDERED AND ADJUDGED this 14th day of January, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE